| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | **TRANSFER OF JURISDICTION** | 2:98CR00034-001 |
| | *RECEIVED 3/11/05* | DOCKET NUMBER *(Rec. Court)* |
| | | 4:05CR40008 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Barry Kottler<br>147 Wilder Road<br>Bolton, MA 01740<br><br>*FILED IN THE U.S. DISTRICT COURT EASTERN DISTRICT OF WASHINGTON*<br>*MAR 24 2005*<br>*JAMES R. LARSEN, CLERK*<br>*_____ DEPUTY*<br>*SPOKANE, WASHINGTON* | EASTERN DISTRICT OF WASHINGTON | Spokane |
| | NAME OF SENTENCING JUDGE | |
| | The Honorable Fred Van Sickle | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM: October 6, 2003    TO: October 5, 2008 |

**OFFENSE**

Shipping Child Pornography in Interstate Commerce and Aggravated Sexual Abuse

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "EASTERN DISTRICT OF WASHINGTON"

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of Massachusetts upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

January 18, 2005              *Fred Van Sickle*
Date                                               United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE District of Massachusetts

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

Feb 16, 2005                         *William G. Young*
Effective Date                                     United States District Judge

*Renee Derrante*

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 2 4 1998

JAMES R. LARSEN, CLERK
_____ DEPUTY

# United States District Court
## Eastern District of Washington

UNITED STATES OF AMERICA
v.
**Barry Kottler**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 2:98CR00034-001

Carl J. Oreskovich and Mark Vovos
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 through 8 of the Indictment.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252 (a)(1) | Shipping Child Pornography in Interstate Commerce | 02/06/1998 | 1 - 7 |
| 18 U.S.C. § 2241 (c) | Aggravated Sexual Abuse | 02/06/1998 | 8 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | 08/06/1998 |
| Defendant's Date of Birth: 06/22/1967 | Date of Imposition of Judgment |
| Defendant's USM No.: 09217-085 | |
| Defendant's Residence Address: | /s/ Fred Van Sickle |
| New PHS Housing 2023 | Signature of Judicial Officer |
| Crownpoint    NM    87313 | The Honorable Fred Van Sickle |
| | U.S. District Judge |
| | Name & Title of Judicial Officer |
| Defendant's Mailing Address: | |
| New PHS Housing 2023 | |
| Crownpoint    NM    87313 | Date   August 21, 1998 |

James R. Larsen, Clerk
United States District Court
Eastern District of WA

By /s/ Renee Demarco (55)

DEFENDANT: Barry Kottler
CASE NUMBER: 2:98CR00034-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __78__ month(s).

☒ The court makes the following recommendations to the Bureau of Prisons:

**The defendant shall receive credit for time served on these charges. The court recommends the Bureau of Prisons facility at Fort Dix, New Jersey, or the facility at Butner, North Carolina for treatment purposes.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT:         Barry Kottler
CASE NUMBER:    2:98CR00034-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    5    year(s).

**14) Defendant must enter into and make satisfactory progress and complete treatment for sexual deviancy with a certified psychiatric therapist approved by the U.S. Probation Officer and that he not change therapists without approval in advance of the U.S. Probation Officer;**
**15) That he agree to a polygraph examination to determine his involvement in criminal sexual activity and/or risk factors for sexual abuse. These examinations will be periodic upon therapist or U.S. Probation Officer's request;**
See Special Conditions of Supervision - Page

   The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

   The defendant shall not commit another federal, state, or local crime.

   The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

   ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

   ☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

   If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

   The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Page

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        Barry Kottler
CASE NUMBER:   2:98CR00034-001

## SPECIAL CONDITIONS OF SUPERVISION

16) The defendant shall have no contact with minors unless approved in advance by the U.S. Probation Officer and then only in the presence of an approved chaperone who is aware of the offense behavior and who has spoken with the parents of the minors and made them aware of the defendant's criminal history;

17) That he not hold or be in any position of trust or authority over minors;

18) That he neither view nor possess pornographic material in any form; e.g. hard copy, videotape, film, computer disc, computer;

19) That he register with law enforcement as a sex offender as prescribed by law;

20) That he not own or use a computer having access to the Internet or containing a modem or device allowing communication with two or more computers;

21) That he be subject to search of his person, residence, vehicle and other belongings when ordered to do so by the U.S. Probation Officer.

DEFENDANT: Barry Kottler
CASE NUMBER: 2:98CR00034-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $ 800.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| Totals: | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Barry Kottler
CASE NUMBER: 2:98CR00034-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT: Barry Kottler
CASE NUMBER: 2:98CR00034-001

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 28

Criminal History Category: I

Imprisonment Range: 78 to 97 months

Supervised Release Range: 3 to 5 years

Fine Range: $ 12,500.00 to $ 125,000.00

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 26 1998

JAMES R. LARSEN, CLERK
_____DEPUTY

1  JAMES P. CONNELLY
   UNITED STATES ATTORNEY
2  Eastern District of Washington
   THOMAS O. RICE
3  Assistant United States Attorney
   Post Office Box 1494
4  Spokane, WA 99210-1494
   Telephone:  (509) 353-2767
5
6
                UNITED STATES DISTRICT COURT
7                EASTERN DISTRICT OF WASHINGTON

8                                    CR-98-034-FVS

9  UNITED STATES OF AMERICA    )
                               )
10         Plaintiff,           )
                               )           INDICTMENT
11     vs.                      )
                               )   Vio: 18 U.S.C. 2252(a)(1)
12  BARRY KOTTLER,              )        Shipping Child
                               )        Pornography in Interstate
13         Defendant.           )        Commerce (Cts 1 - 7)
                               )
14                              )   Vio: 18 U.S.C. 2241(c)
                               )        Aggravated Sexual Abuse
                               )        (Ct 8)
15                              )
                               )
16                              )

17
       The Grand Jury Charges:
18
                        COUNT 1
19
       That on or about January 15, 1998, in the District of New
20
   Mexico, and elsewhere, BARRY KOTTLER, knowingly shipped in
21
   interstate commerce, by computer, to the Eastern District of
22
   Washington, visual depictions, to wit, an AVI video movie, of a
23
   minor engaged in sexually explicit conduct, the production of which
24
   involved the use of a minor engaging in sexually explicit conduct,
25
   all in violation of 18 U.S.C. § 2252(a)(1).
26
27
28
   INDICTMENT - 1
   P80223LJ.TRK

COUNT 2

That on or about January 15, 1998, in the District of New Mexico, and elsewhere, BARRY KOTTLER, knowingly shipped in interstate commerce, by computer, to the Eastern District of Washington, a visual depiction, to wit, an image, of a minor engaged in sexually explicit conduct, the production of which involved the use of a minor engaging in sexually explicit conduct, all in violation of 18 U.S.C. § 2252(a)(1).

COUNT 3

That on or about January 20, 1998, in the District of New Mexico, and elsewhere, BARRY KOTTLER, knowingly shipped in interstate commerce, by computer, to the Eastern District of Washington, visual depictions, to wit, !!!!!!!3.jpg, !!!!k8.jpg, bethdad.jpg, and lita-05.jpg, of a minor engaged in sexually explicit conduct, the production of which involved the use of a minor engaging in sexually explicit conduct, all in violation of 18 U.S.C. § 2252(a)(1).

COUNT 4

That on or about January 21, 1998, in the District of New Mexico, and elsewhere, BARRY KOTTLER, knowingly shipped in interstate commerce, by computer, to the Eastern District of Washington, visual depictions, to wit, !!!!dad.jpg, 10toosml.jpg, lita-13.jpg, loli117.jpg, and loli118.jpg, of a minor engaged in sexually explicit conduct, the production of which involved the use of a minor engaging in sexually explicit conduct, all in violation of 18 U.S.C. § 2252(a)(1).

INDICTMENT - 2
P80223LJ.TRK

## COUNT 5

That on or about January 22, 1998, in the District of New Mexico, and elsewhere, BARRY KOTTLER, knowingly shipped in interstate commerce, by computer, to the Eastern District of Washington, visual depictions, to wit, !12sucks.jpg, @dads3.jpg, @dads4.jpg, arty_02.jpg, and arty_04.jpg, of a minor engaged in sexually explicit conduct, the production of which involved the use of a minor engaging in sexually explicit conduct, all in violation of 18 U.S.C. § 2252(a)(1).

## COUNT 6

That on or about January 23, 1998, in the District of New Mexico, and elsewhere, BARRY KOTTLER, knowingly shipped in interstate commerce, by computer, to the Eastern District of Washington, visual depictions, to wit, !!!!!!!.jpg, !!!10cum.jpg, cindy01.jpg, cindy02.jpg, cindy07.jpg, cindy08.jpg, and cindy12.jpg, of a minor engaged in sexually explicit conduct, the production of which involved the use of a minor engaging in sexually explicit conduct, all in violation of 18 U.S.C. § 2252(a)(1).

## COUNT 7

That on or about January 26, 1998, in the District of New Mexico, and elsewhere, BARRY KOTTLER, knowingly shipped in interstate commerce, by computer, to the Eastern District of Washington, visual depictions, to wit, !!!!!!!.jpg, neice2.jpg, and neice3.jpg of a minor engaged in sexually explicit conduct, the production of which involved the use of a minor engaging in

INDICTMENT - 3
P80223LJ.TRK

sexually explicit conduct, all in violation of 18 U.S.C. § 2252(a)(1).

COUNT 8

On or about Febuary 6, 1998, the defendant, BARRY KOTTLER, knowingly crossed state lines while travelling from the District of New Mexico, to Spokane, Washington, in the Eastern District of Washington, with the intent and for the purpose of engaging in a sexual act as defined by 18 U.S.C. § 2246, including, but not limited to: oral-genital contact, vaginal intercourse, and penetration of the genital opening with foreign objects, with "Child A", a female minor under 12 years of age, and attempted to do so, all in violation of 18 U.S.C. § 2241(c).

DATED this 25th day of February, 1998.

A TRUE BILL

*[signature]*
Foreman

*[signature]*
JAMES P. CONNELLY
United States Attorney

JAMES B. CRUM
Assistant United States Attorney

*[signature]*
THOMAS O. RICE
Assistant United States Attorney

INDICTMENT - 4
P80223LJ.TRK

CLOSED, LC01, LOCATION-CUSTODY

# Eastern District of Washington
## U.S. District Court (Spokane)
### CRIMINAL DOCKET FOR CASE #: 2:98-cr-00034-FVS-ALL

Case title: USA v. Kottler  
Magistrate judge case number: 2:98-mj-00053

Date Filed: 02/26/1998

---

Assigned to: Chief Judge Fred Van Sickle

**Defendant**

**Barry Kottler** (1)  
*TERMINATED: 08/24/1998*

represented by **Carl Joseph Oreskovich**  
Holden & Oreskovich PS  
6404 N Monroe  
P O Box 18929  
Spokane, WA 99208-0929  
509-328-7700  
Fax: 15093289850  
Email: carl@handolaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Retained*

**Mark Edmund Vovos**  
Mark Vovos Law Office  
W 1309 Dean  
Suite 100  
Spokane, WA 99201  
509-326-5220  
Email: mvovos@concentric.net  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Retained*

**Pending Counts**

18 U.S.C. 2252 (a)(1) SHIPPING CHILD PORGNOGRAPHY IN INTERSTATE COMMERCE (Cts 1-7)  
(1-7)

18 U.S.C. 2241(c) AGGRAVATED SEXUAL ABUSE (Ct 8)  
(8)

**Disposition**

Impr 78 months w/credit for time served; Supervised Release 5 yrs; Fine waived; S.A. $800.00;

Impr 78 months w/credit for time served; Supervised Release 5 yrs; Fine waived; S.A. $800.00;

Attest A True Copy  
James R. Larsen Clerk  
United States District Court  
Eastern District of Washington  
By *Renea Demants*  
Deputy Clerk

### Highest Offense Level (Opening)
Felony

### Terminated Counts
None

### Disposition

### Highest Offense Level (Terminated)
None

### Complaints
None

### Disposition

### Plaintiff
USA     represented by **Thomas Owen Rice**
U S Attorney's Office - SPO
920 W Riverside Suite 300
P O Box 1494
Spokane, WA 99210-1494
509-353-2767
Email: USA-WAE-TRice@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/07/1997 |   | Arrest Warrant issued by Magistrate Judge Cynthia Imbrogno [ 2:98-m -53 ] (LS) (Entered: 02/09/1998) |
| 02/07/1997 | 3 | ACKNOWLEDGEMENT of notice of rights [ 2:98-m -53 ] (LS) (Entered: 02/09/1998) |
| 02/07/1998 | 1 | COMPLAINT filed against defendant Barry Kottler by Magistrate Judge Cynthia Imbrogno [ 2:98-m -53 ] (LS) (Entered: 02/09/1998) |
| 02/07/1998 | 2 | ARREST Warrant returned executed as to defendant Barry Kottler; defendant arrested on 2/7/98 [ 2:98-m -53 ] (LS) (Entered: 02/09/1998) |
| 02/07/1998 |   | MINUTES: [S/CI] Hearing before Magistrate Judge Cynthia Imbrogno initial appearance of Barry Kottler (Attorney present) [ 2:98-m -53 ] (LS) (Entered: 02/09/1998) |
| 02/07/1998 | 4 | MOTION by USA to detain [ 2:98-m -53 ] (LS) (Entered: 02/09/1998) |

| | | |
|---|---|---|
| 02/09/1998 | 5 | ORDER of Temporary Detention Pending Hearing Pursuant to Bail Reform Act by Magistrate Judge Cynthia Imbrogno ( Probable Cause & Detention Hearings set for 9:30 a.m. on 2/11/98 )(cc: USA, USM, Prob, Atty) [ 2:98-m -53 ] (LS) (Entered: 02/09/1998) |
| 02/10/1998 | 6 | APPEARANCE of Attorney for Barry Kottler by Carl Joseph Oreskovich and Mark Edmund Vovos [ 2:98-m -53 ] (LS) (Entered: 02/10/1998) |
| 02/10/1998 | 7 | WAIVER by defendant (of right to detention hearing within three days) [ 2:98-m -53 ] (LS) (Entered: 02/10/1998) |
| 02/10/1998 | 8 | MOTION by defendant for Continuance of Detention Hearing [ 2:98-m -53 ] (LS) (Entered: 02/10/1998) |
| 02/10/1998 | 9 | ORDER Continuing Detention Hearing by Magistrate Judge Cynthia Imbrogno (granting motion for Continuance of Detention Hearing [8-1] Probable Cause & Detention Hearing continued to 9:15 on 2/13/98 (cc: all counsel) [ 2:98-m -53 ] (LS) (Entered: 02/10/1998) |
| 02/12/1998 | 10 | MEMORANDUM by defendant in Support of Motion to Set Conditions of Release and Proffer of Evidence [note: no motion filed] [ 2:98-m -53 ] (LS) (Entered: 02/12/1998) |
| 02/13/1998 | 11 | MOTION by USA to Stay Order of Release [ 2:98-m -53 ] (LS) (Entered: 02/13/1998) |
| 02/13/1998 | 12 | MOTION by USA for Review of the Order Setting Conditions of Release [ 2:98-m -53 ] (LS) (Entered: 02/13/1998) |
| 02/13/1998 | 13 | MOTION (Request) by USA for Immediate Expedited Hearing [ 2:98-m -53 ] (LS) (Entered: 02/13/1998) |
| 02/13/1998 | 14 | Preliminary Examination (Probable Cause) ORDER and ORDER SETTING CONDITIONS of release by Magistrate Judge Cynthia Imbrogno (Bond Type: $100,000 Property Bond) (cc: USA, USM, PROB, Atty) as to Barry Kottler [ 2:98-m -53 ] (LS) (Entered: 02/13/1998) |
| 02/13/1998 | | MINUTES: [S/CI] (tapes 98-9 and 98-10) Probable Cause and Detention hearings held before Magistrate Judge Cynthia Imbrogno [ 2:98-m -53 ] (LS) (Entered: 02/13/1998) |
| 02/20/1998 | | MINUTES: [S/CI](CR: Mia Bohn) Hearing re: Appeal of Detention Order before Chief Judge Wm. Fremming Nielsen [ 2:98-m -53 ] (LS) (Entered: 02/23/1998) |
| 02/20/1998 | 15 | MOTION by defendant to quash Subpoena [ 2:98-m -53 ] (LS) (Entered: 02/23/1998) |
| 02/20/1998 | 16 | MEMORANDUM by defendant in support of motion to quash Subpoena [15-1] [ 2:98-m -53 ] (LS) (Entered: 02/23/1998) |
| 02/23/1998 | 17 | DETENTION ORDER by Chief Judge Wm. Fremming Nielsen (USA's Moton for Review of Order Setting Conditions of Release [12-1] and Request for Expedited Hearing [13-1] are GRANTED. Defendant to be |

| | | |
|---|---|---|
| | | detained pending trial; Motion to Stay Order of Release [11-1] is DENIED as moot; defendant's Motion to Quash Subpeona is DENIED (cc: all counsel) [ 2:98-m -53 ] (LS) Modified on 02/23/1998 (Entered: 02/23/1998) |
| 02/26/1998 | 18 | INDICTMENT by USA Thomas Owen Rice. Barry Kottler count(s) 1-7, 8 (S/CI) Deft Detained (ECH) Modified on 03/10/1998 (Entered: 03/02/1998) |
| 03/02/1998 | 20 | NOTICE OF INTERLOCATORY APPEAL TO 9CCA by defendant Barry Kottler - appealing order of detetion filed 2/23/98 [17-1] (c:9CCA,USA,USM,PROB,ATTY,CR) (VR) (Entered: 03/03/1998) |
| 03/03/1998 | 19 | REPORTER'S TRANSCRIPT FILED. CR : Debra Clark Magistrate Judge Cynthia Imbrogno City : Spokane for date of 02/13/98 Type Proceeding: Probable Cause & Detention Hearing (ECH) Modified on 03/10/1998 (Entered: 03/03/1998) |
| 03/03/1998 | 21 | COPY 9CCA FEE PAYMENT NOTIFICATION-original forwarded to 9CCA. FORWARDED original Case Information Sheet and copy of Docket Entries to 9CCA. (VR) (Entered: 03/03/1998) |
| 03/03/1998 | 22 | COPY 9CCA ORDER FOR TIME SCHEDULE - original to 9CCA. (Transcript designation 3/24/98; Reporter transcript 4/23/98; Opening brief 6/2/98; Appellee's brief 7/2/98;) (VR) (Entered: 03/03/1998) |
| 03/03/1998 | 23 | REPORTER'S TRANSCRIPT FILED. CR : Mia Bohn Magistrate Judge Cynthia Imbrogno City : Spokane for date of February 29, 1998 Type of Proceeding: Appeal Hearing Re: Detention (ECH) Modified on 03/10/1998 (Entered: 03/04/1998) |
| 03/03/1998 | | MINUTES: Hearing Location: Spokane CR/ER: Tape #98-14 From 2025 to 2374 before Magistrate Judge Cynthia Imbrogno ARRAIGNMENT; dft Barry Kottler arraigned; not guilty plea entered Attorney present; (ECH) (Entered: 03/04/1998) |
| 03/03/1998 | 24 | ORDER ON PLEA by Magistrate Judge Cynthia Imbrogno (cc: all counsel) (ECH) (Entered: 03/04/1998) |
| 03/03/1998 | 25 | ACKNOWLEDGEMENT of notice of rights (ECH) (Entered: 03/04/1998) |
| 03/03/1998 | 26 | ORDER regarding discovery, pretrial motions, conflict of interest by Magistrate Judge Cynthia Imbrogno (cc: USA, ATTY) (ECH) (Entered: 03/04/1998) |
| 03/05/1998 | | Law Clerk assigned to case is 01 (FmrEmp) (Entered: 03/05/1998) |
| 03/05/1998 | | Criminal Status Conference Notice ;pretrial conf set 1:30 4/14/98 for Barry Kottler Spokane, WA ; jury trial set 9:00 4/27/98 for Barry Kottler Spokane, WA (Ntc: USA, USM, Attys) (FmrEmp) (Entered: 03/05/1998) |

| | | |
|---|---|---|
| 03/18/1998 | 27 | APPEAL NUMBER FROM 9CCA. [20-1] 9CCA Number: 98-30059 Date appeal filed: 3/2/98 (SAP) (Entered: 03/18/1998) |
| 03/18/1998 | 28 | Barry Kottler's MOTION For Discovery (ECH) (Entered: 03/20/1998) |
| 03/18/1998 | 29 | MOTION by Barry Kottler To File Additional Motions (ECH) (Entered: 03/20/1998) |
| 03/24/1998 | 30 | United States' RESPONSE Defendant's Discovery Request [28-1] (ECH) (Entered: 03/24/1998) |
| 03/30/1998 | 31 | MOTION And Declaration by defendant For Continuance Of Trial Date (ECH) (Entered: 03/31/1998) |
| 03/30/1998 | 32 | WAIVER of Speedy Trial Time (ECH) (Entered: 03/31/1998) |
| 03/30/1998 | 33 | NOTICE of hearing by Barry Kottler setting motion For Continuance Of Trial Date [31-1] on 1:30 3/31/98 (ECH) (Entered: 03/31/1998) |
| 03/30/1998 | | Proposed Order motion For Continuance Of Trial Date [31-1] submitted by defendant Barry Kottler (ECH) (Entered: 03/31/1998) |
| 03/31/1998 | | Text not available. (Entered: 04/02/1998) |
| 03/31/1998 | | Text not available. (Entered: 04/02/1998) |
| 03/31/1998 | | MOTION HEARING MINUTES: Hearing Location: Spokane CR/ER: Mark Snover before Judge Fred L. Van Sickle (ECH) (Entered: 04/02/1998) |
| 04/02/1998 | 34 | ORDER GRANTING CONTINUANCE by Judge Fred L. Van Sickle granting motion For Continuance Of Trial Date [31-1], granting motion To File Additional Motions [29-1], granting motion For Discovery [28-1] ;pretrial conf set 9:00 5/12/98 for Barry Kottler Spokane, WA ;jury trial set 9:00 5/18/98 for Barry Kottler Spokane, WA , 3/18/98 to 3/31/98, March 30, 1998 to May 18, 1998 Is Excluded (cc: all counsel) (ECH) (Entered: 04/02/1998) |
| 04/23/1998 | 35 | MOTION by defendant To Supress Evidence Seized From The Computer Of Dr. Kittler Because Of Uhlawful Search (ECH) (Entered: 04/23/1998) |
| 04/23/1998 | 36 | MEMORANDUM In Support Of Motion To Supress Evidence Seized From The Computer Of Dr. Kittler Because Of Uhlawful Search [35-1] (ECH) (Entered: 04/23/1998) |
| 04/23/1998 | 37 | MOTION by defendant For Evidentiary Hearing Re: Defendants Motion To Suppress (ECH) (Entered: 04/23/1998) |
| 04/23/1998 | 38 | MEMORANDUM In Support Of Motion For Evidentiary Hearing Re: Defendants Motion To Suppress [37-1] (ECH) (Entered: 04/23/1998) |
| 04/23/1998 | 39 | MOTION by defendant To Inspect and, Coping Orf Materials On Dr. Kottler's Computer and, To Utilize Data Obtained Pertaining To Dr. Kottler's 4th, 5th And 6th Amendment Rights (ECH) (Entered: |

| | | |
|---|---|---|
| | | 04/24/1998) |
| 04/23/1998 | 40 | MEMORANDUM In Support Of Motion To Permit Inspection [39-1], motion Coping Orf Materials On Dr. Kottler's Computer [39-2], motion To Utilize Data Obtained Pertaining To Dr. Kottler's 4th, 5th And 6th Amendment Rights [39-3] (ECH) (Entered: 04/24/1998) |
| 04/23/1998 | 41 | MOTION by defendant To Dismiss Indictment (ECH) (Entered: 04/24/1998) |
| 04/23/1998 | 42 | RESERVED DOCUMENT for court use only (ECH) (Entered: 04/24/1998) |
| 04/30/1998 | 43 | MOTION by USA For Extension Of Time To Respond To Pre-Trial Motions (ECH) (Entered: 05/04/1998) |
| 04/30/1998 | 44 | DECLARATION of Thomas O. Rice by USA re: motion For Extension Of Time To Respond To Pre-Trial Motions [43-1] (ECH) (Entered: 05/04/1998) |
| 05/04/1998 | 45 | ORDER by Judge Fred L. Van Sickle granting motion For Extension Of Time To Respond To Pre-Trial Motions [43-1] (cc: all counsel) (ECH) (Entered: 05/04/1998) |
| 05/08/1998 | 46 | COPY 9CCA ORDER. Appellant's motion for revocation of pretrial detention order is Denied; district court's detention order is AFFIRMED. 9CCA: 98-30059 (SAP) (Entered: 05/08/1998) |
| 05/08/1998 | 47 | MANDATE from 9CCA. 9CCA: 98-30059 affirming the decision of the District Court [20-1] (c : ATTY, USA, USM, PROB) (SAP) (Entered: 05/08/1998) |
| 05/14/1998 | | MINUTES: Hearing Location: Spokane CR/ER: Mark Snover before Judge Fred L. Van Sickle ; change of plea hearing held (SAP) (Entered: 05/15/1998) |
| 05/14/1998 | 48 | PLEA Agreement (cc: all counsel and PROB) (SAP) (Entered: 05/15/1998) |
| 05/14/1998 | 49 | ORDER Accepting Guilty Plea by Judge Fred L. Van Sickle Barry Kottler enters guilty plea to Cts. 1, 2, 3, 4, 5, 6, 7 & 8 ; jury trial vacated; finding all pending motions moot (cc: all counsel) (SAP) (Entered: 05/15/1998) |
| 05/15/1998 | 50 | ORDER by Judge Fred L. Van Sickle Setting Schedule for Guideline Sentencing ;sentencing set 9:00 8/6/98 for Barry Kottler in Spokane, WA; deft to remain detained per pevious court order (cc:USA, atty, USM, PROB) (SAP) (Entered: 05/15/1998) |
| 05/15/1998 | 51 | BRIEFING Schedule for Objection to PSR or Motion to Depart from Guideline Sentence by Judge Fred L. Van Sickle (cc: all counsel & Prob) (SAP) (Entered: 05/15/1998) |
| 05/15/1998 | 52 | ORDER Allowing Contact Visit by Judge Fred L. Van Sickle USM to arrange for deft's family to have physical contact visit w/deft (cc: all |

| | | |
|---|---|---|
| | | counsel, USM & Prob) (SAP) (Entered: 05/15/1998) |
| 08/03/1998 | 53 | CORRESPONDENCE In Re: Sentencing (ECH) (Entered: 08/04/1998) |
| 08/06/1998 | 54 | AMENDED Order Allowing Contact Visit (ECH) Modified on 08/06/1998 (Entered: 08/06/1998) |
| 08/06/1998 | | SENTENCING HEARING MINUTES: Hearing Location: Spokane CR/ER: Mark Snover before Judge Fred L. Van Sickle sentencing hearing held 9:00 8/6/98 (ECH) (Entered: 08/07/1998) |
| 08/14/1998 | | SPECIAL ASSESSMENT - $800.00 paid in full (Receipt No. 40102). (SW) (Entered: 09/11/1998) |
| 08/24/1998 | 55 | JUDGMENT sentencing Barry Kottler counts 1-7, 8 - Impr 78 months w/credit for time served; Supervised Release 5 yrs; Fine waived; S.A. $800.00; , (CrOB 63-45) case terminated (cc USA, USM, PROB, ATTY) (VR) (Entered: 08/25/1998) |
| 11/12/1998 | 56 | RETURN on Judgment re [55-3] - deft at LSCI, Butner, NC on 10/14/98 (SAP) (Entered: 11/12/1998) |
| 11/27/1998 | 57 | REPORTER'S TRANSCRIPT FILED. CR : Mark Snover Judge Fred L Van Sickle City : Spokane, WA for date of 8/6/98 Type of Proceeding: Sentencing Hearing [See Expando File] (SAP) (Entered: 11/30/1998) |
| 03/24/2005 | 58 | Transfer of Jurisdiction - Supervised Release Jurisdiction Transferred to United States District Court District of Massachusetts as to Barry Kottler. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (RF, Case Administrator) (Entered: 03/24/2005) |



# United States District Court

**Eastern District of Washington**
Office of the Clerk

**JAMES R. LARSEN**
District Court Executive / Clerk of Court

March 24, 2005

USDC Massachusetts
Attn: Financial Specialist

re: Transfer Jurisdiction
    Financial Obligation
    98-CR-034

The Special Assessment of $800.00 was paid on 8/24/1998. There was no further financial obligation owed by the defendant on this case.

Please contact this office if further information is needed.

Sincerely,

Kelly Howard
Financial Specialist

encl.

920 West Riverside, Thomas S. Foley United States Courthouse, Room 840
P.O. Box 1493 ▪ Spokane, Washington 99210
(509) 353-2150 ▪ FAX (509) 353-2394